FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 11, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CHARLOTTE ANN A.,[1] <br><br> Plaintiff, <br><br> v. <br><br> MARTIN O'MALLEY, COMMISSIONER OF SOCIAL SECURITY,[2] <br><br> Defendant. | NO: 2:22-CV-00056-LRS <br><br> ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT are the parties' cross-motions for summary judgment. ECF Nos. 11, 13. This matter was submitted for consideration without oral

---

[1] The court identifies a plaintiff in a social security case only by the first name and last initial in order to protect privacy. See Local Civil Rule 5.2(c).

[2] Martin O'Malley became the Commissioner of Social Security on December 20, 2023. Pursuant to Rule 25(d) of the Rules of Civil Procedure, Martin O'Malley is substituted for Kilolo Kijakazi as the Defendant in this suit.

ORDER - 1

argument. Plaintiff is represented by attorney Rory J. Linerud. Defendant is represented by Special Assistant United States Attorney Jeffrey R. McClain. The Court, having reviewed the administrative record and the parties' briefing, is fully informed. For the reasons discussed below, Plaintiff's Motion, ECF No. 11, is granted and Defendant's Motion, ECF No. 13, is denied.

## JURISDICTION

Plaintiff Charlotte Ann A. (Plaintiff), filed for supplemental security income (SSI) on July 19, 2016, and alleged an onset date of March 26, 2015. Tr. 461-69. Benefits were denied initially, Tr. 371-74, and upon reconsideration, Tr. 376-78. Plaintiff appeared at a hearing before an administrative law judge (ALJ) on April 20, 2018. Tr. 125-68. On December 26, 2018, the ALJ issued an unfavorable decision, Tr. 313-36. On April 8, 2020, the Appeals Council issued an order remanding the matter. Tr. 337-39. On April 6, 2021, Plaintiff appeared at a second hearing. Tr. 169-209, and on August 25, 2021, the ALJ issued another unfavorable decision. Tr. 340-66.

The Appeals Council issued an order on March 22, 2022, modifying some of the ALJ's findings but adopting the ALJ's unfavorable conclusion. Tr. 1-9. Jurisdiction to review the Secretary's decisions regarding disability benefits is governed by 42 U.S.C. § 405(g), which provides for review only of a final decision of the Commissioner of Social Security made after a hearing. 42 U.S.C. § 405(g) (1988). When the Appeals Council denies review of claim, the ALJ's decision is a

ORDER - 2

final decision subject to review. *Sims v. Apfel*, 530 U.S. 103, 106 (2000); *Osenbrock v. Apfel*, 240 F.3d 1157, 1160 (9th Cir. 2001); *McCarthy v. Apfel*, 221 F.3d 1119, 1122 (9th Cir. 2000). However, when the Appeals Council reviews a claim, the Appeals Council decision is the final decision under § 405(g). *See Sousa v. Callahan*, 143 F.3d 1240, 1242 n. 3 (9th Cir. 1998); 20 C.F.R. § 404.981, 422.210(a). Thus, this court has jurisdiction over the March 22, 2022, decision of the Appeals Council, which is the final decision of the Commissioner.[3]

## BACKGROUND

The facts of the case are set forth in the administrative hearing and transcripts, the ALJ's decision, and the briefs of Plaintiff and the Commissioner, and are therefore only summarized here.

Plaintiff was born in 1979 and was 38 years old at the time of the first hearing. Tr. 135. She graduated from beauty school and took college classes for criminal justice. Tr. 137, 198. She was three semesters short of graduating. Tr. 137. She has work experience as a cashier, cab driver, doing seasonal work driving a truck and tractor, caregiver, and performing childcare. Tr. 138-45. Plaintiff testified that she cannot work because of her back and her mental health. Tr. 145. She has

---

[3] Because the Appeals Council adopted most of the ALJ's findings, the ALJ's findings are discussed in this decision, even though the Appeals Council's decision is the decision before the Court for review.

ORDER - 3

difficulty managing her anger and anxiety. Tr. 145. Plaintiff testified that she is in constant sharp, burning pain from her lower spine which travels down her legs. Tr. 147. She has minimal use of her hands. Tr. 150. She frequently drops things and her hands shake. Tr. 150.

In 2019, she had a brain aneurysm. Tr. 182. After surgery in 2020, her diabetic neuropathy pain increased. Tr. 182-83. Sometimes she has no feeling in her fingertips or feet. Tr. 183, 185. She testified that since the first hearing, she has been losing strength and feeling in her hands. Tr. 203. Her memory and balance are affected. Tr. 203-04. She has bipolar and anger issues, PTSD, and anxiety. Tr. 183. Plaintiff testified that she uses marijuana, cocaine, and methamphetamine to deal with her pain. Tr. 190-93.

**STANDARD OF REVIEW**

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012). "Substantial evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id*. at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether the standard has been satisfied, a reviewing court must

ORDER - 4

consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the [Commissioner's] findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue,* 674 F.3d 1104, 1111 (9th Cir. 2012). Further, a district court "may not reverse an [the Commissioner's] decision on account of an error that is harmless." *Id*. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id*. at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## FIVE-STEP EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering

ORDER - 5

his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. § 416.920(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. § 416.920(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. § 416.920(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. § 416.920(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(c).

At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. § 416.920(a)(4)(iii). If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. § 416.920(d).

ORDER - 6

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity." Residual functional capacity (RFC), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations, 20 C.F.R. § 416.945(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work). 20 C.F.R. § 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner should conclude whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. § 416.920(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education and past work experience. 20 C.F.R. § 416.920(a)(4)(v). If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(g)(1). If the claimant is not capable of adjusting to other work, analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. 20 C.F.R. § 416.920(g)(1).

ORDER - 7

The claimant bears the burden of proof at steps one through four above. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. § 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

At step one, the ALJ found Plaintiff was engaged in substantial gainful activity from November 1, 2017 to February 1, 2018, but was not engaged in substantial gainful activity at all other times pertinent to the decision. Tr. 346. At step two, the ALJ found that outside the period of substantial gainful activity, during the remaining periods in question, Plaintiff had the following severe impairments: status post-aneurism surgery, diabetes mellitus, neuropathy, headaches, diastolic dysfunction, mild lumbar degenerative disc disease, cervical spine abnormalities, chronic pain syndrome, bilateral carpal tunnel syndrome status post-surgery, obesity, bipolar disorder, and generalized anxiety disorder. Tr. 346. At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment. Tr. 348.

The ALJ then found that Plaintiff has the residual functional capacity to perform light work with the following additional limitations:

> Up to four hours standing/walking; occasional climbing of ramps and stairs; never climbing ladders, ropes or scaffolds; occasional

ORDER - 8

> balancing, stooping, kneeling, crouching; never crawling; frequent bilateral handling and fingering; frequent exposure to extreme cold, heat, vibrations and hazards such as unprotected heights and dangerous machinery; frequent exposure to fumes, odors, dusts, gases and poor ventilation; with no interaction with the public; with occasional interaction with co-workers and supervisors.

Tr. 351.

At step four, the ALJ found that Plaintiff has no past relevant work. Tr. 355. At step five, after considering the testimony of a vocational expert and Plaintiff's age, education, work experience, and residual functional capacity, the ALJ found that there were jobs that exist in significant numbers in the national economy that the claimant can perform such as electronics worker, hand finisher, and small products assembler I. Tr. 356-57. Thus, the ALJ found that Plaintiff has not been under a disability as defined in the Social Security Act since July 19, 2016, the date the application was filed. Tr. 357.

The Appeals Council adopted all of the findings of the ALJ at steps one through four except that the Appeals Council found that Plaintiff has greater functional limitations than found by the ALJ. Tr. 5. The Appeals Council found Plaintiff is limited to performing sedentary work with the same nonexertional limitations found by the ALJ. Tr. 5-6. The Appeals Council also revised the step five finding by determining that there are jobs that exist in significant numbers in the national economy that the Plaintiff can perform such as electronics worker and table worker. Tr. 6-7. Accordingly, the Appeals Council came to the same conclusion as

ORDER - 9

the ALJ, which is that Plaintiff has not been under a disability from July 19, 2016, the application date, through August 30, 2021, the date of the decision. Tr. 7.

## ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying supplemental security income under Title XVI of the Social Security Act. ECF No. 11. Plaintiff raises the following issues for review:

1. Whether the ALJ properly considered headaches at step three;

2. Whether the ALJ erred regarding lay witness testimony at the second hearing; and

3. Whether the RFC finding incorporates all of Plaintiff's limitations.

ECF No. 11.

## DISCUSSION

**A.  Step Three – Headaches and Listing 11.02**

Plaintiff argues the ALJ should have evaluated whether her headaches meet or equal Listing 11.02. ECF No. 11 at 17-19. At step three of the evaluation process, the ALJ must determine whether a claimant has an impairment or combination of impairments that meets or equals an impairment contained in the Listings. *See* 20 C.F.R. § 416.920(d). The Listings describe "each of the major body systems impairments [considered] to be severe enough to prevent an individual from doing any gainful activity, regardless of his or her age, education, or work experience." 20 C.F.R. § 416.925. "Listed impairments are purposefully set at a high level of

ORDER - 10

severity because 'the listings were designed to operate as a presumption of disability that makes further inquiry unnecessary.'" *Kennedy v. Colvin*, 738 F.3d 1172, 1176 (9th Cir. 2013) (quoting *Sullivan v. Zebley*, 493 U.S. 521, 532 (1990)). "Listed impairments set such strict standards because they automatically end the five-step inquiry, before residual functional capacity is even considered." *Kennedy*, 738 F.3d at 1176. If a claimant meets the listed criteria for disability, he or she will be found to be disabled. 20 C.F.R. § 416.920(a)(4)(iii).

An impairment "meets" a listing if it meets all of the specified medical criteria. *Sullivan*, 493 U.S. at 530; *Tackett*, 180 F.3d at 1098. An impairment that manifests only some of the criteria, no matter how severely, does not qualify. *Sullivan*, 493 U.S. at 530; *Tackett*, 180 F.3d at 1099.

An unlisted impairment or combination of impairments "equals" a listed impairment if medical findings equal in severity to all of the criteria for the one most similar listed impairment are present. *Sullivan*, 493 U.S. at 531; *see* 20 C.F.R. § 416.926(b). "Medical equivalence must be based on medical findings," and "[a] generalized assertion of functional problems is not enough to establish disability at step three." *Tackett*, 180 F.3d at 1099. An unlisted impairment or combination of impairments is equivalent to a listed impairment if medical findings equal in severity to all of the criteria for the one most similar listed impairment are present. *Sullivan,* 493 U.S. at 531; *see* 20 C.F.R. § 416.926(b). The claimant bears the burden of establishing an impairment (or combination of impairments) meets or equals the

ORDER - 11

criteria of a listed impairment. *Burch v. Barnhart*, 400 F.3d 676, 683 (9th Cir. 2005).

There is no medical listing for migraines or headaches. Thus, Plaintiff's argument that she "met" Listing 11.02 is moot. ECF No. 11 at 18. However, Listing 11.02 is the appropriate listing for an equivalence analysis for headaches and migraines. Social Security Ruling (SSR) 19-4p, 2019 WL 4169635 (August 26, 2019). The ALJ considered SSR 19-4p in determining whether Plaintiff's headaches are a severe impairment. Tr. 349-50. However, the ALJ failed to evaluate whether the record regarding Plaintiff's headaches demonstrates equivalence with Listing 11.02 pursuant to SSR 19-4p. Tr. 349-50. Because the Appeals Council adopted the ALJ's step three finding without consideration of Listing 11.02, the decision is legally insufficient.

The ALJ discussed Plaintiff's headaches by citing an April 20, 2020 record indicating Plaintiff reported a constant headache for three days with pain of 8/10. Tr. 354, 2745. The ALJ noted her headaches were associated with brain aneurism surgery two weeks prior.[4] Tr. 354. Plaintiff cites other records indicating that in February 2019, she reported having three migraines in the last month after previously having only tension or stress headaches. Tr. 1847, 1851. In March 2019,

---

[4] The record actually indicates the brain aneurism surgery occurred two months prior, in February 2020. Tr. 2745.

ORDER - 12

Plaintiff reported migraines since mid-January of 2019. Tr. 1797. On September 10, 2019, Plaintiff reported a "long-standing history of migraine headaches," with an excruciating headache in January 2019. Tr. 1644. One week prior, on September 3, she had been diagnosed with a brain aneurism which was discovered incidental to an emergency room visit for eyelid swelling caused by cellulitis. Tr. 1644. Plaintiff also cites her own testimony regarding the impact of her headaches. ECF No. 11 at 16 (citing Tr. 141, 180, 205).

Listing 11.02B requires documentation of a detailed description of a typical seizure (or equivalent for migraines), occurring at least once a week for at least three consecutive months despite adherence to prescribed treatment. 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 11.02B. Listing 11.02D similarly requires documentation of detailed description of a typical seizure (or equivalent for migraines) occurring at least once every two weeks for at least three consecutive months despite adherence to prescribed treatment and a marked limitation in one area of functioning. 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 11.02B. The record suggests that it is at least possible that there is sufficient documentation of headaches to demonstrate equivalence. The ALJ should have considered whether Plaintiff's headaches are equivalent to Listing 11.02 at step three, and the Appeals Council's adoption of the ALJ's step three finding means the issue was not properly considered. Thus, the matter must be remanded for reconsideration.

ORDER - 13

**B.     Lay Witness Testimony**

Plaintiff contends the ALJ improperly disallowed lay witness testimony at the second hearing on April 6, 2021.  ECF No. 11 at 3-7.  At the beginning of the hearing, Plaintiff, who was unrepresented, indicated that she had a witness she wanted to testify.  Tr. 172.  The ALJ said, "we'll talk about that."  Tr. 172.  At the end of the hearing, the ALJ said,

> Well, we did not have time to hear from the other witness in this hearing.  We're already over time and I've got another hearing where they're waiting for me to call them.  So, that was all we have time for.  But you did talk about a lot of things.  And then I do have all of the record that you created before in the previous hearing.  But remember I'm going to send out – have our staff send out for records.  When those records come in, they'll be sent to you.  If you want another hearing to address that evidence, you can have one.  You just have to ask for it when you [get] them.  Okay?

Tr. 206.

Plaintiff argues the ALJ's failure to provide an opportunity for her lay witness to testify (1) precluded her ability to make her case and violates her right to due process; (2) amount to an improper rejection of lay witness testimony; (3) violates the regulations; and (4) constitutes a failure to develop the record. "[A]pplicants for social security benefits are entitled to due process in the determination of their claims." *Holohan v. Massanari*, 246 F.3d 1195, 1209 (9th Cir. 2001).  "The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner." *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) (internal quotation marks omitted).  Accordingly, under

ORDER - 14

the Social Security Act, claimants shall be given reasonable notice and opportunity for a hearing with respect to a decision rendered by an ALJ, during which the ALJ may examine witnesses and receive evidence. 42 U.S.C. 405(b)(1). Hearing procedures may be informal, but they must be "fundamentally fair." *Richardson v. Perales*, 402 U.S. 389, 401–02 (1971); *see also Martise v. Astrue*, 641 F.3d 909, 921–22 (8th Cir. 2011) ("procedural due process requires disability claimants to be afforded a full and fair hearing"); *Ferriell v. Comm'r of Soc. Sec. Admin.*, 614 F.3d 611, 620 (6th Cir. 2010) ("In the context of a social security hearing, due process requires that the proceedings be full and fair."). Moreover, the "ALJ in a social security case has an independent duty to fully and fairly develop the record and to assure that the claimant's interests are considered." *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001).

      Plaintiff argues that although the ALJ advised Plaintiff that she could request another hearing regarding additional medical records, Tr. 206, the ALJ did not advise Plaintiff "that she could potentially present witness testimony at a later hearing if further proceedings were necessary because of the updated medical records." ECF No. 11 at 5. The Court need not determine whether a due process violation occurred at the hearing because this matter is remanded on other grounds. On remand, the ALJ shall offer the opportunity for another hearing and update the medical record as appropriate.

ORDER - 15

## C. RFC Finding

Plaintiff contends the RFC finding does not include all of her limitations caused by diabetes and headaches. ECF No. 11 at 8-20. The ALJ is directed to assess the nature and extent of a claimant's physical limitations, then determine the claimant's residual functional capacity for work activity on a regular and continuing basis. 20 CFR § 416.945. The residual functional capacity is "the most [a claimant] can still do despite [her] limitations." 20 C.F.R. § 416.945(a)(1). In making this finding, the ALJ need only include credible limitations supported by substantial evidence. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1197 (9th Cir. 2004). Because this matter is remanded for reconsideration of Plaintiff's headaches at step three, and because the record will be updated, the residual functional capacity finding shall also be reconsidered.

## CONCLUSION

Having reviewed the record and the Commissioner's findings, this Court concludes the Commissioner's decision is not supported by substantial evidence and free of harmful legal error. On remand, Plaintiff shall be offered an opportunity for a new hearing, the record shall be updated, and a new sequential evaluation shall be conducted in accordance with this order. Due to the age of the medical opinions in the record, the testimony of a medical expert or an examining medical opinion may be helpful on remand.

ORDER - 16

Accordingly,

1. Plaintiff's Motion for Summary Judgment, ECF No. 11, is GRANTED.

2. Defendant's Motion for Summary Judgment, ECF No. 13, is DENIED.

3. This case is **REVERSED** and **REMANDED** for further administrative proceedings consistent with this Order pursuant to sentence four of 42 U.S.C. § 405(g).

**IT IS SO ORDERED**. The District Court Clerk is directed to enter this Order and provide copies to counsel. Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

**DATED** January 11, 2024.

_____
LONNY R. SUKO
Senior United States District Judge

ORDER - 17